IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2021 JUL 19  A 11: 38

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

**CHEY GARRIGAN,**

     **Plaintiff,**

**v.**

**JOHN MERRILL, in his
official capacity as
Secretary of State for the
state of Alabama,
MICHELLE THOMASON,
district judge, J. CLARK
STANKOWSKI, in his official
capacity as presiding judge
of the Twenty-Eighth Circuit
Court of the state of
Alabama.**

    **Defendant.**

**Civil Action File No.**
2:21-cv-482-Ecm-KFP

**COMPLAINT FOR
INJUNCTIVE AND
DECLARATORY RELIEF**

## COMPLAINT

COMES NOW Plaintiff, Chey Garrigan ("Plaintiff" or
"Garrigan"), by and through the undersigned counsel, and hereby
files this Complaint suing the above-named defendants for
declaratory and injunctive relief. Plaintiff alleges as follows:

## JURISDICTION AND PARTIES

1.    Plaintiff alleges violations of the 1st and 14th

1

Amendments; 42 U.S.C § 1983; Code of Alabama; and the common law and seeks declaratory and injunctive relief and costs pursuant thereto.

2.     This Court is vested with original jurisdiction under 28 U.S.C §§1331 and 1343.

3.     This Court has original federal question jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

4.     Venue is proper in this Court, the Northern Division of the Middle District of Alabama pursuant to 28 U.S.C. §1391 (b) and Local Rules of the United States District Court for the Middle District of Alabama.

5.     Plaintiff, Chey Garrigan, is a resident of the State of Alabama.

6.     Defendant John Merrill ("Merrill") is the Secretary of State for the state of Alabama.

7.     Defendant J. Clark Stankowski  ("Stankowski") is the presiding circuit court judge for the 28th Judicial Circuit for the state of Alabama in Baldwin County Alabama.

2

8.     Defendant Michelle Thomason ("Thomason") is a district court judge of Baldwin County, Alabama functioning as a circuit court judge without having been elected to the circuit court.

9.     This matter challenges the laws and application of laws of the state of Alabama thus requiring the inclusion of the Secretary of State of Alabama. Actions challenging laws of the state of Alabama are properly brought before this Court and Division.

## STATEMENT OF FACTS

10.     Plaintiff is a resident of Baldwin County and the 28th Judicial Circuit.

11.     Alabama Constitution of 1901, Art. VI, § 152, states: "All judges shall be elected by vote of the electors within the territorial jurisdiction of their respective courts."

12.     Neither the plaintiff nor any other person situated in Baldwin County, Alabama has been presented any ballot for election that offers the voters an opportunity to vote for Michelle Thomason as "Circuit Court Judge" or "Family Court Judge".

3

13.   Thomason has only appeared on ballots for election as a "District Court Judge".

14.   Under the Constitution of Alabama of 1901 and the Code of Alabama a district court judge has limited jurisdiction, whereas a circuit court has general jurisdiction. *See* Alabama Constitution of 1901, Art. VI, § 139; Code of Alabama §12-1-14.1.

15.   Jurisdiction to hear domestic relations and divorce cases are limited exclusively to the circuit court. *See* Code of Alabama §30-2-1("The circuit court has power to divorce persons from the bonds of matrimony, upon a complaint filed by one of the parties").

16.   The Constitution of Alabama requires that all district courts have uniform jurisdiction throughout the state. Alabama Constitution of 1901, Art. VI, § 143.

17.   There is no provision in the Constitution of Alabama vesting either the legislature or the presiding judge of a circuit with the authority to change the jurisdiction of a district court judge on a permanent basis to that of a circuit court judge.

4

18.    However, Thomason has been functioning as circuit court judge hearing divorce and other cases for more than a decade by appointment of the Presiding Judge of the 28th Judicial Circuit. *See attached appellate decision and order of the presiding judge.*

19.    Garrigan and the voters of Baldwin County have been, on a permanent basis, deprived of voting for a competent circuit court judicial candidate.

20.    Garrigan has a due process right to have her case heard by a court of competent jurisdiction. U.S. Const. amend. XIV, § 1. A court of competent jurisdiction is a court with the power to adjudicate the case before it. *See* Black's Law Dictionary 431 (10th ed. 2014) ("[a] court that has the power and authority to do a particular act; one recognized by law as possessing the right to adjudicate a contro- versy"). And a court's subject-matter jurisdiction defines its power to hear cases. *See Steel Co.* v. *Citizens for Better Environment,* 523 U. S. 83, 89 (1998) (Subject-matter jurisdiction is "the courts' statutory or constitutional power to adjudicate the case"); *Wachovia Bank, N. A.* v. *Schmidt,* 546 U. S. 303, 316 (2006)

5

("Subject-matter jurisdiction . . . concerns a court's competence to adjudicate a particular category of cases"). It follows that a court of competent jurisdiction is a court with a grant of subject-matter jurisdiction covering the case before it. Cf. *Pennoyer* v. *Neff*, 95 U. S. 714, 733 (1878) ("[T]here must be a tribunal competent by its constitution—that is, by the law of its creation—to pass upon the subject-matter of the suit"). The district courts of Alabama do not have subject matter jurisdiction over divorce cases which sound in equity. Code of Alabama §30-2-1.

21.    The most fundamental principle of due process is the right to an impartial and competent judge. U.S. Const. amend. XIV, § 1 ("No State shall ... deprive any person of life, liberty, or property, without due process of law...."); *Concrete Pipe & Products of California, Inc. v. Construction Laborers Pension Trust for Southern California,* 508 U.S. 602, 617, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993)("[D]ue process requires a `neutral and detached judge....'"); Ala. Const.1901, § 13 ("[E]very person, for any injury done him, in

his lands, goods, person, or reputation, shall have a remedy by due process of law....").

22.    The Code of Alabama does allow for temporary appointments of judges or assignments of dockets in exigent circumstances.

23.    Code of Alabama §12-1-14.1 states in pertinent part:

(a) At the request of the affected judge in a particular circuit, the presiding circuit court judge of the circuit may appoint and commission a special circuit court judge, special district court judge, or special judge of probate for temporary service. The person so appointed shall possess the qualifications of the judgeship to which he or she is appointed. The special judge shall qualify by taking the oath of office prescribed in the Constitution of Alabama of 1901. The appointment shall confer on the special judge all powers, authority, and jurisdiction of the judgeship to which he or she is appointed. The special judge shall not receive compensation for his or her services.

(b) As used in this section, the term "temporary service" means not more than 180 consecutive days. A special judge may be reappointed, as needed, for more than one period of 180 consecutive days.

24.    The appointment of Judge Thomason to hear circuit court cases is in violation of this section because (1) there was no "affected"

or ill judge that required the appointment of Judge Thomason to assume jurisdiction over this case; (2) the appointment of Judge Thompson is indefinite in duration contrary to §12-1-14.1(b).

25.   There is no indication in the order appointing Thomason that any judge has fallen ill or otherwise been unable to serve in her/his capacity. It is unlikely that any "affected judge" can be retroactively identified. All of the judges of the 28th Circuit have been functioning in their capacity since and prior to the order being issued on July 13, 2018.

26.   Further, any "affected judge" would have to be identified for a period stretching back more than a decade as Judge Thomason has been hearing circuit court cases as a district court judge for at least that long as evidenced by the *Opinion of the Clerk no. 55,* 49 So. 3d 1170 (Ala. 2009).

27.   Additionally, the statute does not allow for unlimited appointments of special circuit judges by presiding circuit court judges. The duration is limited to 180 days of consecutive service.

The 2018 order does not adhere to this restriction and is therefore void as contrary to law.

28. While the statute does allow for successive appointments after the expiration of the 180 days has expired, there still must be an affected judge. There is no "affected judge" to speak of in this instance.

29. Further, the successive reappointments of Thomason to hear circuit court cases for more than a decade is a blatant act of voter disenfranchisement. The electorate chooses circuit court judges in this state to serve for 6 year terms. Thomason was never elected by the people to serve as a circuit court judge for more than a decade. Section 2 of the Alabama Constitution of 1901 states: "That all political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit." Continual "reappointments" of Judge Thomason to hear circuit court cases without the input of the electorate is a usurpation of legislative authority and voter rights. *See* Ala. Const. §§ 35; 43.

30.    Because Judge Thomason's appointment to Garrigan's circuit court case is not authorized by law she must be enjoined from hearing Garrigan's case and all other circuit court cases.

31.    Code of Alabama 12-9A-8 and Alabama Rule of Judicial Administration 13 allow a presiding circuit court judge to assign dockets to the judges within the circuit. However, nothing in this code section or rule can be construed as a grant of legislative authority to the presiding judge to change the clearly defined subject matter jurisdiction of the judges within the circuit. Such a reading would be inconsistent with the Alabama Constitution of 1901 §42 which states:

32.    (a) The powers of the government of the State of Alabama are legislative, executive, and judicial.

33.    (b) The government of the State of Alabama shall be divided into three distinct branches: legislative, executive, and judicial.

34.    (c) To the end that the government of the State of Alabama may be a government of laws and not of individuals, and except as expressly directed or permitted in this constitution, the legislative branch may not exercise the executive or judicial power, the executive branch may not

10

exercise the legislative or judicial power, and the judicial branch may not exercise the legislative or executive power.

35.   Alabama's constitution does not grant or allow presiding circuit court judges to undertake the legislative act of expanding or changing the jurisdictional authority of elected judges. Such an act by a presiding judge usurps the authority of the voter and the legislature. An interpretation of section 12-9A-8 that permits the unconstitutional usurpation of legislative authority is not appropriate. *Panama Refining Co. v. Ryan,* 293 U.S. 388, 439 (1935)(Cordozo, J., dissenting)("when a statute is reasonable susceptible to two interpretations, by one of which it is unconstitutional and by the other valid, the court prefers the meaning that preserves to the meaning that destroys."); *United States ex rel. Attorney Gen. v. Delaware and Hudson Co.,* 213 U.S. 366, 408(1909)("where a statute is susceptible to two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter.").

36.   Further, section 12-9A-8 cannot be constructed in a way that is inconsistent with sections 12-1-2, 12-1-14.1 and 30-2-1. Basic rules of statutory construction require that these statutes be read as consistent with one another. "[L]aws dealing with the same subject should - being *in pari materia* (translated as "in a like matter") - should if possible be interpreted harmoniously." Antonin Scalia, *Reading the Law: The Interpretation of Legal Texts,* 1st ed. p. 252; *see also* James Kent, *Commentaries on American Law* 433 (1826)("Several acts *in pari materia,* and relating to the same subject are to be taken together, and compared in the construction of them, because they are considered as having one object in view, and as acting upon one system."); *and Lanthrip v. Wal-Mart Stores, Inc.,* 864 So.2d 1079 (Ala. Civ. App. 2002); *McCausland v. Tide-Mayflower Moving & Storage,* 499 So.2d 1378 (Ala.1986). It is presumed that the legislature was aware of the contents of the prior enacted sections of the law at the time of the adoption of each. *Goodyear Atomic Corp. v. Miller,* 486 U.S. 174, 184-85 (1988)("We generally presume that Congress is knowledgeable about existing law

pertinent to the legislation it enacts."). Section 12-9A-8 cannot be interpreted to impliedly grant presiding circuit court judges the authority to expand the otherwise limited subject matter jurisdiction of district court judges.

37.    Additionally,   Code   of  Alabama   §12-17-24.1   which attempts to convey to presiding judges the authority to modify the jurisdiction of the district court is unconstitutional.

38.    Code of Alabama §12-17-24.1 authorizes the creation of a "Family Court". However, the Constitution of Alabama does not allow the creation of a separate court known as a "Family Court".

39.    Alabama Constitution of 1901, Art. VI, § 139(a), states in pertinent part:

> Except as otherwise provided by this Constitution, the judicial power of the state shall be vested exclusively in a unified judicial system which shall consist of a supreme court, a court of criminal appeals, a court of civil appeals, a trial court of general jurisdiction known as the circuit court, a trial court of limited jurisdiction known as the district court, a probate court and such municipal courts as may be provided by law.

40.   This article states that the creation of courts or granting of jurisdiction to courts is exclusively done through the Constitution of Alabama. No amendment to the Constitution of Alabama exists that would grant to a presiding judge or the legislature the authority to create a "Family Court" to hear domestic relations/divorce cases.

41.   Further, Alabama Constitution of 1901, Art. VI, § 143, states in pertinent part: "The district court shall be a court of limited jurisdiction and shall exercise uniform original jurisdiction in such cases, and within such geographical boundaries, as shall be prescribed by law".

42.   Code of Alabama §12-17-24.1 runs afoul of the requirement of uniformity of jurisdiction among the district courts as this section only applies to some districts where there is more than one district court judge.

43.   Most troubling about the appointment of Thomason or any district judge to hear circuit court cases is the deception or concealment of information from the voter. The voter is never

informed that the person that they have elected to one position is in fact serving in another position to which they were never elected.

44.    Garrigan has sought relief in the form of requesting that Thomason recuse from hearing her domestic relations case for want of jurisdiction. Additionally, Garrigan has sought relief through a Petition for Writ of Mandamus from the Alabama Supreme Court. The same was denied.[1]

45.    Garrigan has sought relief through all other means before seeking injunctive relief from this Court. There is no other remedy available at law as the state courts have declined to address these issues.

---

[1] This Complaint is for injunctive relief. The denials of recusal from the state courts does not operate as a binding decision on the merits of the allegations of this complaint. *See Jadick v. Nationwide Prop. & Cas. Ins. Co.*, 98 So. 3d 5, 10 (Ala. Civ. App. 2011)("`the denial [of a petition for a writ of mandamus] does not operate as a binding decision on the merits.' *R.E. Grills, Inc. v. Davison,* 641 So.2d 225, 229 (Ala. 1994). `[T]he denial of relief by mandamus does not have res judicata effect.' *Cutler v. Orkin Exterminating Co.,* 770 So.2d 67, 69 (Ala.2000); *Jack Ingram Motors, Inc. v. Ward,* 768 So.2d 362 (Ala. 1999); *Quality Truck & Auto Sales, Inc. v. Yassine,* 730 So.2d 1164, 1167 (Ala.1999).").

46.    As of the date of this filing Stankowski continues to assign cases to Thomason that she was not elected to preside over.

## COUNT I - VIOLATIONS OF 42 U.S.C. § 1983

47.    42 U.S.C. § 1983 states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section any Act of Congress applicable exclusively to the district of Columbia shall be considered to be a statute of the District of Columbia.

48.    Plaintiff repeats and realleges the allegations contained in the previous averments as if fully set forth herein.

49.    The First and Fourteenth Amendments of the United States Constitution protect the right to vote as a fundamental right. The First Amendment's guarantees of freedom of speech and association protect the right to vote and to participate in the political

16

process.

50.   The right to vote is a fundamental constitutional right also protected by both the due process and equal protection clauses of the Fourteenth Amendment. See, e.g., Bush v. Gore, 531 U.S. 98, 104-05 (2000); Harper v. Va. State Bd. of Elections, 383 U.S. 663, 670 (1966); Anderson v. Celebrezze, 460 U.S. 780, 786-87 (1983).

51.   "A court considering a challenge to a state election law must weigh "the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate" against "the precise interests put forward by the State as justifications for the burden imposed by its rule," taking into consideration 'the extent to which those interests make it necessary to burden the plaintiffs' rights.'" See Burdick v. Takushi, 504 U.S. 428, 434 (1992); Anderson v. Celebrezze, 460 U.S. 780, 789 (1983).

52.   Even when a law imposes only a slight burden on the right to vote, relevant and legitimate interests of sufficient weight still must justify that burden. Common Cause/Ga. v. Billups, 554

17

F.3d 1340, 1352 (11th Cir. 2009). The more a challenged law burdens the right to vote, the closer the scrutiny courts will apply when examining that law. Stein v. Ala. Sec. of State, 774 F.3d 689, 694 (11th Cir. 2014).

53.    Code of Alabama §§12-9A-8, 12-17-24.1 et seq., 12-17-70; Alabama Rule of Judicial Administration 13 and all other code sections and rules purporting to change the jurisdiction of the courts of the state of Alabama violate the Constitution of Alabama, First Amendment and 14th Amendment of the Constitution and are therefore due to be declared unconstitutional.

54.    In the alternative, Code of Alabama §§12-9A-8, 12-17-24.1 et seq., 12-17-70; Alabama Rule of Judicial Administration 13 and all other code sections and rules purporting to change the jurisdiction of the courts of the state of Alabama have been applied in a manner that is unconstitutional in violation of the Constitution of Alabama, First Amendment and 14th Amendment of the Constitution.

55.    Further, Code of Alabama §§12-9A-8, 12-17-24.1 et seq., 12-17-70; Alabama Rule of Judicial Administration 13 and all other

code sections and rules purporting to change the jurisdiction of the courts of the state of Alabama operate to deprive voters of the opportunity to vote for candidates for a clearly defined office and authority.

56.   Any interest the state or the presiding judge of the 28th Circuit has in attempting to alter the jurisdiction of the district court without amending the constitution or gaining the consent of the electorate is outweighed by the plaintiff and citizenry's interest in a free and fair election to a clearly defined office of responsibility.

57.   The burdens discussed herein are serious and substantial to the extent that all voters within the circuit are misled and completely disenfranchised from voting for a clearly identified candidate for a clearly defined office.

58.   No legitimate state interest justifies these significant restrictions and burdens.

59.   These restrictions have and will irreparably harm Garrigan and all voters within the Circuit.

60.   Defendants have deprived Plaintiff of her constitutional

right to due process and equal protection under the color of law as discussed herein.

61.    Plaintiff has fundamental rights protected by the 1st and 14th Amendments of the United States Constitution which includes freedom of speech and the right to fair and equal treatment guaranteed and protected by the Due Process Clause and the Equal Protection Clause.

62.    Defendants acting under color of law, deprived Garrigan of the rights listed above

63.    Defendants acting under color of law, showed intentional, outrageous and reckless disregard for Plaintiff's constitutional rights.

64.    Defendants conduct chronicled above was wanton, negligent, indifferent, malicious and/or impliedly malicious to Plaintiff herein.

WHEREFORE,    Plaintiff respectfully urges this Court to (1) enter judgment for Plaintiff, (2) award Plaintiff equitable relief in the form of an injunction enjoining Stankowski from assigning circuit

court cases to any district court judge including Thomason, (3) award Plaintiff equitable relief in the form of an injunction enjoining Thomason from hearing any further circuit court proceedings involving Plaintiff, (4) declaring Code of Alabama §§12-9A-8, 12-17-24.1 et seq., 12-17-70; Alabama Rule of Judicial Administration 13 and all other code sections and rules purporting to change the jurisdiction of the courts of the state of Alabama without amendment to the state Constitution or notice to the voters, as unconstitutional, (5) declaring Code of Alabama §§12-9A-8, 12-17-24.1 et seq., 12-17-70; Alabama Rule of Judicial Administration 13 and all other code sections and rules purporting to change the jurisdiction of the courts of the state of Alabama without amendment to the state Constitution or notice to the voters, as unconstitutional as having been applied in this matter and other matters wherein citizens have received like treatment, (6) award attorney fees to Plaintiff pursuant to 42 USC §1988 and other applicable laws, and (7) award any other and further relief deemed just and proper.

Dated this the 19th day of July, 2021.

Respectfully submitted,

Austin Burdick
Attorney for Plaintiff

Burdick Law Firm
1020 Ninth Ave. SW
Bessemer, Alabama 35022

**CLERK OF COURT PLEASE SERVE THE DEFENDANT AT THE FOLLOWING ADDRESS:**

John Merrill
Alabama Attorney General
600 Dexter Ave. S. - 150
Montgomery, Alabama 36130

J. Clark Stankowski
Presiding Circuit Court Judge
28th Judicial Circuit
312 Courthouse Square #10
Bay Minnette, Alabama 36507

Michelle Thomason
District Court Judge
Baldwin County Courthouse
312 Courthouse Square #10
Bay Minnette, Alabama 36507