**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| CHEY GARRIGAN, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-482-ECM-KFP |
| | ) |
| JOHN MERRILL, et al., | ) |
| | ) |
| *Defendants*. | ) |

**SECRETARY MERRILL'S MOTION TO DISMISS**

Steve Marshall
  *Attorney General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
Brenton M. Smith (ASB-1656-X27Q)
  *Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Jim.Davis@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov

*Counsel for Secretary Merrill*

August 10, 2021

**SECRETARY MERRILL'S MOTION TO DISMISS**

Secretary of State John Merrill, sued in his official capacity as Secretary of State for the State of Alabama, moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## I. FACTUAL BACKGROUND

Judge Michelle Thomason is the presiding district judge in the Twenty-Eighth Judicial Circuit of Alabama, which consists solely of Baldwin County. *Honorable Michelle M. Thomason, Presiding Judge*, TWENTY-EIGHTH JUDICIAL CIRCUIT OF ALABAMA, https://baldwin.alacourt.gov/courts/judgemichellethomason (last visited Aug. 9, 2021). Governor Bob Riley appointed Judge Thomason to her position on August 29, 2006, and the voters of Baldwin County re-elected her in 2008, 2014, and 2020. *Id.* On July 13, 2018, then-Presiding Circuit Judge Scott Taylor temporarily appointed Judge Thomason to act as a special circuit judge with authority over domestic relations matters, among others. Doc 1-1. The appointment was made pursuant to Act 2018-567 (Section 12-9A-8 of the Code of Alabama), along with Sections 12-1-14.1 and 12-17-70 and Rule 13 of the Alabama Rules of Judicial Administration. *Id.*

Plaintiff does not allege that Secretary Merrill was involved in these events.

## II. LEGAL STANDARD

The plaintiff bears the burden of proof to establish jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998). Thus, "[i]t is the responsibility of the complainant clearly to allege facts demonstrating that [s]he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975). Lack of standing and sovereign immunity are jurisdictional issues that can be asserted under a Rule 12(b)(1) motion to dismiss. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys.,*

1

*Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008); *Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011). A defendant can move to dismiss under Rule 12(b)(1) based on the sufficiency of the pleading itself (a facial attack) or the factual existence of subject-matter jurisdiction (a factual attack). *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Like the test employed for 12(b)(6) review, the test for a facial attack on subject-matter jurisdiction takes the allegations in the complaint as true. *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

### III.   ARGUMENT

Plaintiff has not met her burden to show that this Court may exercise jurisdiction over her claims. This Court lacks jurisdiction because Plaintiff lacks standing and sovereign immunity bars her claims.

#### A.  Plaintiff lacks standing to assert her claims.

Article III, Section 2 of the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. CONST art. III, § 2. To invoke federal jurisdiction, a plaintiff must establish standing for each of her claims. *Lujan v. Defs. of Wildlife*, 504 U.S. 55, 559–60 (1992). To prove standing, a plaintiff must show three elements: (1) injury in fact, (2) traceability, and (3) redressability. *Id.* at 560–61. This Court should dismiss Plaintiff's complaint because she cannot satisfy these elements. Plaintiff fails to show an injury sufficient to establish standing, let alone one that is in any way traceable to or redressable by Secretary Merrill.

1. <u>Plaintiff has not suffered an injury in fact.</u>

An injury in fact must be both "concrete and particularized" and "actual or imminent." *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1296 (11th Cir. 2019) (en banc). A plaintiff shows a "concrete" injury by alleging specific facts "demonstrating that the challenged practices harm

h[er]." *Warth*, 422 U.S. at 508. A "particularized" injury is one that "affect[s] the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. "[A] grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law" is not a particularized injury. *Carney v. Adams*, 141 S. Ct. 493, 498 (2020). These injury requirements are more than empty pleading rules. They "preserve[] the vitality of the adversarial process by assuring . . . that the legal questions presented . . . will be resolved . . . in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." *Lujan*, 504 U.S. at 581 (Kennedy, J., concurring) (quoting *Valley Forge Christian Coll.*, 454 U.S. at 472) (internal quotation marks omitted).

Plaintiff fails to state a concrete and particularized injury. A good-faith reading of her complaint suggests two potential injuries. First, Plaintiff complains that "[she] and the voters of Baldwin County" have been "deprived of voting for a competent circuit court judicial candidate." Doc. 1 ¶ 19. The theory seems to be that had Judge Taylor not specially appointed Judge Thomason, Plaintiff and the voters of Baldwin County would have gotten to vote for another circuit judge in a separate election. Plaintiff explains that "*all* voters within the circuit are misled and completely disenfranchised." *Id.* ¶ 57. This injury is not particularized. It is a generalized grievance shared by all Baldwin County voters—as Plaintiff admits. Plaintiff has pleaded no facts suggesting that this injury affects her in a personal or individual way. *See Wood v. Raffensperger*, 981 F.3d 1307, 1314 (rejecting the plaintiff's standing argument because he failed to show that the rules at issue "specifically disadvantaged" his right to vote). Second, Plaintiff complains that her "due process right to have her case heard a court of competent jurisdiction" has been violated. *Id.* ¶ 20. This injury is not concrete. Plaintiff alleges no facts that demonstrate any harm from Judge Thomason presiding over her case. Thus, neither of Plaintiff's purported injuries are concrete and

particularized as required to meet the injury-in-fact requirement. Because Plaintiff lacks an injury in fact, she has failed to establish standing.

> 2. Plaintiff's alleged injuries are not traceable to or redressable by Secretary Merrill.

Even if Plaintiff could prove an injury in fact, she would lack standing because that injury would be neither traceable to Secretary Merrill nor redressable by relief against him. A plaintiff's injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (alterations adopted) (internal quotation marks omitted).

Plaintiff mentions Secretary Merrill once in her complaint. *See* Doc. 1 ¶ 9. Plaintiff suggests that she must name the Secretary as a party when a suit involves a challenge to Alabama law, but no such rule exists. Perhaps Plaintiff confuses Section 6-6-227 of the Code of Alabama, which requires that the Attorney General be notified and provided an opportunity to be heard (but still not named as a defendant) when a party alleges that an Alabama statute is unconstitutional. Nonetheless, Secretary Merrill is not in any way responsible for Plaintiff's alleged injuries. Secretary Merrill also played no role in Judge Taylor's decision to appoint Judge Thomason as a special circuit judge. And as to the declaratory relief that Plaintiff seeks, Secretary Merrill does not "possess authority to enforce the complained-of-provision[s]." *Lewis*, 944 F.3d at 1299. Thus, Plaintiff's alleged injuries are not fairly traceable to any action by Secretary Merrill.

Because Plaintiff's alleged injuries are not traceable to Secretary Merrill, relief against him will not redress those injuries. To establish redressability, Plaintiff must prove that it is "likely, as opposed to merely speculative" that her injuries would "be redressed by a favorable decision" against Secretary Merrill. *Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1253 (11th Cir. 1998) (internal quotations marks omitted). "[I]t must be *the effect of the court's*

4

*judgment on the defendant*—not an absent third party—that redresses the plaintiff's injury, whether directly or indirectly." *Lewis*, 944 F.3d at 1301 (internal quotations marks and citation omitted).

Secretary Merrill cannot redress Plaintiff's requested relief. Plaintiff seeks six forms of relief from this Court: (1) a judgment in her favor, (2) injunctive relief against Judge Stankoski, (3) injunctive relief against Judge Thomason, (4) declaratory relief that certain statutes and administrative rules are unconstitutional, (5) attorney's fees, and (6) any other relief deemed just and proper by this Court. *See* Doc. 1 at 20–21. Nowhere is Secretary Merrill mentioned in this list, and it does not appear from anywhere else in the complaint that Plaintiff seeks anything from Secretary Merrill generally. Nor has Plaintiff alleged that Secretary Merrill has the authority to carry out any of her requested relief. Plaintiff fails to even speculate, let alone prove that it is likely, that a favorable decision against Secretary Merrill would redress her injuries. *See Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236 (11th Cir. 2020) (finding the plaintiffs failed to meet the traceability and redressability requirements for standing because the Florida Secretary of State was not the proper party to sue for relief). Thus, Plaintiff fails to establish the redressability prong of standing. Because Plaintiff's injury is not traceable to Secretary Merrill nor can he redress her injuries, Plaintiff has failed to establish standing. Accordingly, this Court should dismiss her complaint for lack of jurisdiction.

### B. Sovereign immunity bars Plaintiff's claims.

For many of the same reasons that Plaintiff lacks standing, sovereign immunity bars Plaintiff's claims against Secretary Merrill. "[T]he Eleventh Amendment prohibits suits against [S]tate officials where the [S]tate is, in fact, the real party in interest." *Summit Med. Assoc., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). Although *Ex parte Young* allows suits against

5

State officials for prospective injunctive relief to end violations of federal law, 209 U.S. 123 (1908), this narrow exception does not allow a suit against a State official who does not "ha[ve] any connection to the enforcement of the challenged law at issue." *Summit*, 180 F.3d at 1341. As described above, Secretary Merrill has no connection to Judge Thomason's appointment or the enforcement of any of the statutes that Plaintiff alleges are unconstitutional. Thus, the *Ex parte Young* exception does not apply, and sovereign immunity bars Plaintiff's claims against Secretary Merrill.

## IV. CONCLUSION

Plaintiff fails to establish that this Court has jurisdiction to consider her case. She fails to demonstrate any of the standing requirements. Her alleged injuries do not meet the injury-in-fact requirement, and those injuries are neither traceable to nor redressable by Secretary Merrill. Sovereign immunity also bars Plaintiff's claims. For these reasons, Secretary Merrill's motion to dismiss Plaintiff's complaint for lack of jurisdiction is due to be granted.

Respectfully submitted,

Steve Marshall
  *Attorney General*

s/ James W. Davis
James W. Davis (ASB-4063-I58J)

Brenton M. Smith (ASB-1656-X27Q)
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400

Jim.Davis@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov

*Counsel for Secretary Merrill*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2021 , I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/ James W. Davis
*Counsel for Secretary Merrill*