IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHEY GARRIGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:21CV482-ECM |
| | ) | (wo) |
| JOHN MERRILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is a motion to dismiss filed by John Merrill, sued in his official capacity as Secretary of State (doc. 7), and a motion to dismiss filed by Michelle Thomason ("Thomason") and J. Clark Stankowski ("Stankowski"), sued in their official capacities as judges (doc. 10).

The Plaintiff, Chey Garrigan ("Garrigan"), filed a complaint bringing one count which identifies several alleged constitutional violations and seeks declaratory relief as well as injunctive relief against Thomason and Stankowski in their official capacities. (collectively "the Judicial Defendants").

Upon consideration of the entire record and the applicable law, and for reasons to be discussed, the motions to dismiss are due to be GRANTED.

## I.    FACTS

The facts alleged by Garrigan in the complaint are as follows:

Garrigan has a domestic relations case pending in Alabama state court. The judge assigned to her case is Thomason.  The complaint alleges that Thomason has never run for

circuit court or family court judge.  Instead, Thomason has appeared on ballots as a state district court judge. (Doc. 1 para. 13).   The complaint alleges that Thomason has been functioning as a circuit court judge hearing divorce and other cases for more than a decade, having been appointed by the presiding judge of the 28th Judicial Circuit. (*Id.* para. 18).

Under Alabama law, at the "request of the affected judge in a particular circuit, the presiding circuit court judge of the circuit may appoint and commission a special circuit court judge, special district court judge, or special judge of probate for temporary service." ALA. CODE § 12-1-14.1.  A presiding circuit judge "may assign a circuit or district court judge who is within the circuit to serve within the circuit or within the district courts of the circuit." ALA. CODE § 12-9A-8.

The complaint alleges that Thomason's appointment is in violation of state law because there is no affected judge that required appointment of Thomason and the appointment of Thomason is indefinite in duration. (Doc. 1 para. 24).

The complaint further alleges that Garrigan has sought relief by asking Thomason to recuse herself from hearing Garrigan's domestic relations case and has sought relief through a petition for writ of mandamus from the Alabama Supreme Court. (*Id.* para. 44). Garrigan's requests for relief have been denied. (*Id.*)

Garrigan alleges that because Thomason's appointment to Garrigan's circuit court case is not authorized by law, Thomason must be enjoined from hearing Garrigan's case, and all other circuit court cases. (*Id.* para. 30).  Specifically, Garrigan requests that the presiding circuit judge, Stankowski, be enjoined from assigning circuit court cases to any

district judge, including Thomason; that Thomason be enjoined from hearing any further circuit court proceedings involving Garrigan; and that various Alabama statutory provisions be declared unconstitutional. (*Id.* at 20–21).

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss for Lack of Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, may be a factual or facial attack on subject matter jurisdiction. *Barnett v. Okeechobee Hosp.,* 283 F.3d 1232, 1238 (11th Cir. 2002). A factual attack permits the district court to weigh evidence outside the pleadings to satisfy itself of the existence of subject matter jurisdiction in fact. *Id.* at 1237. However, a facial attack merely questions the sufficiency of the pleading. *Id.* Under a facial attack, the district court accepts the plaintiff's allegations as true and need not look beyond the face of the complaint to determine whether the court has subject matter jurisdiction. *Id.*

### B.   Motion to Dismiss for Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570.  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## III.    DISCUSSION

Merrill moves for dismissal of the Garrigan's claims on the basis of lack of standing and on the basis of Eleventh Amendment immunity. The Judicial Defendants move for dismissal on the basis of the Eleventh Amendment, *Younger v. Harris,* 401 U.S. 37 (1971) abstention, and the failure to state a claim.  The Court turns first to the grounds for dismissal asserted by Merrill, and then to those of the Judicial Defendants.

### A.  Defendant Merrill

"[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc*., 528 U.S. 167, 185 (2000). When injunctive relief is sought, "injury-in-fact" is demanded by Article III of the Constitution. *Wooden v. Bd. of Regents of Univ. Sys. of Ga*., 247 F.3d 1262, 1284 (11th

Cir. 2001).  The Declaratory Judgment Act also is said to echo the "case or controversy" requirement of Article III when it "provides that a declaratory judgment may only be issued in the case of an actual controversy." *See Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985)(citing 28 U.S.C. § 2201).  Injury-in-fact is shown if the injury is concrete and particularized, fairly traceable to the challenged action of the defendant, and it is likely that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc.*, 528 U.S. at 180-81.  "[A] sanction that effectively abates" conduct is a form of redress. *Id.* at 185–86.

The precise constitutional claim Garrigan brings against Merrill is unclear.  While she argues in her brief that the right to "one person, one vote," has been implicated,[1] the complaint alleges that depriving the electorate of an election is a violation of the First Amendment and due process.  Regardless of the constitutional violation alleged to have been committed by Merrill, however, none of the relief Garrigan seeks in her complaint is against Merrill. (Doc. 1 at 21–2).  Instead, Garrigan asks this Court to invalidate certain statutes, to enjoin Stankowski from appointing district judges to circuit court cases, and to enjoin Thomason from hearing circuit court proceedings involving Garrigan. (*Id.*).

In examining relief sought against another Secretary of State, the Eleventh Circuit has explained that unless the Secretary controls the challenged action, voters cannot rely

---

[1]  It would be futile to allow amendment of Garrigan's complaint to plead this theory because this case involves judicial elections. *See Alabama State Conf. of Nat'l Ass'n for Advancement of Colored People v. Alabama*, 2020 WL 583803, at *23 (M.D. Ala. 2020)(finding that the Supreme Court has not extended the one-person, one-vote principle to the judicial branch of government); *see also Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)("This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (citation omitted).

on the Secretary's general election authority to establish traceability. *See Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1254 (11th Cir. 2020).  "Per the Eleventh Circuit, when a state law makes one state official responsible for the challenged action, plaintiffs lack standing to sue another, independent state official for that action."  *Claire v. Fla. Dep't of Mgmt. Servs.*, 504 F. Supp. 3d 1328, 1332 (N.D. Fla. 2020).  In *Jacobson*, the plaintiff challenged the order of the names placed on an election ballot and the court held that there was no standing to bring those claims against the Secretary of State because other parties, not the Secretary, determined the order of names on ballot.  974 F.3d at 1258.  The court reasoned that the Secretary was not the cause of any alleged injuries arising from ballot order so relief against the Secretary could not redress those injuries. *Id.*

Here, Garrigan alleges that because Stankowski has appointed Thomason to be circuit judge, Garrigan and other voters have been deprived the ability to choose the judge who is presiding in Garrigan's pending domestic relations case.  But there is no allegation that Merrill played any role in the appointment of Thomason.  Garrigan does not seek relief in the form of compelling an election, but only in the enjoining of judicial appointments and the invalidation of various statutes.[2]

---

[2] In apparent recognition that Merrill is not the cause of her injuries, Garrigan offers to name the Attorney General of Alabama as a party instead of Merrill. (Doc. 15 at 3). Even assuming without deciding that the Attorney General would be an appropriate party, for the reasons discussed below, the Court concludes that such amendment would be futile because this Court finds it necessary to abstain from exercising jurisdiction in this case. *See* FED. R. CIV. PROC. 15; *Hall*, 367 F.3d at 1263.

In the absence of any facts showing that Merrill's actions led to the injury complained of by Garrigan, Garrigan cannot rely on the Secretary of State's general authority to conduct elections to establish traceability. *See Ass'n For Child. for Enf't of Support, Inc. v. Conger*, 899 F.2d 1164, 1166 (11th Cir. 1990)(finding a lack of standing where the injury resulted from the conduct of an independent third party).  Furthermore, Garrigan has not sought relief against Merrill. *See Jacobson*, 974 F.3d at 1257 (considering that relief that might redress injuries was not requested by the plaintiffs).  The motion to dismiss is due to be GRANTED on the basis of Garrigan's lack of standing to bring her claims against Merrill.

### B.  Judicial Defendants

In their motion to dismiss, the Judicial Defendants rely in part on the doctrine of *Younger* abstention.  As a general rule, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  In other words, "non-abstention" is the rule, and courts should exercise their jurisdiction. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003).  The *Younger* doctrine, however, is an exception to this general rule.

The *Younger* doctrine applies in just three exceptional circumstances, which have been identified as: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) civil proceedings involving certain orders uniquely in furtherance of the state court's ability to perform its judicial functions. *Sprint Communications, Inc. v.*

*Jacobs*, 571 U.S. 69, 78 (2013)(citing *New Orleans Public Service, Inc.* (*NOPSI*) *v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989)); *see also Tokyo Gwinnett, LLC v. Gwinnett Cnty*., 940 F.3d 1254, 1267 (11th Cir. 2019).  Where one of these exceptional circumstances is present, the Court must then evaluate the three factors identified in *Middlesex County Ethics Commission v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). These include whether  (1) there is an "ongoing" state-court proceeding at the time of the federal action; (2) the state proceeding implicates an important state interest; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims. *Middlesex*, 457 U.S. at 432.  *Younger* abstention is not triggered unless the federal relief would create an undue interference with state proceedings and the state proceedings at issue involve orders that uniquely further the state courts' ability to perform their judicial functions. *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004).  *Younger* abstention applies to claims for injunctive relief that would effectively enjoin state proceedings. *Old Republic Union Ins. Co. v. Tillis Trucking Co*., 124 F.3d 1258, 1261 (11th Cir. 1997).

The Sixth Circuit has addressed the application of *Younger* abstention in a circumstance analogous to this case. *See Aaron v. O'Connor*, 914 F.3d 1010 (6th Cir. 2019).  In *Aaron*, the plaintiffs brought federal due process claims and sought to enjoin a state court from taking action in a case before their request for disqualification of the judge presiding in their state court case could be ruled on. *Id.* at 1014.  The Sixth Circuit determined that the third *NOPSI* factor applied because states have important interests in

8

administering certain aspects of their judicial systems, including the determination of whether a judge should be recused. *Id.* at 1018; *see also Shapiro v. Ingram*, 207 F. App'x 938, 939 (11th Cir. 2006)(applying *Younger* abstention to a request that the state court judge recuse).  In an unpublished opinion, the Eleventh Circuit similarly concluded that a federal court should abstain in a case in which the plaintiff sought injunctive relief against orders issued by a state court trial judge in an ongoing custody dispute. *Narciso v. Walker*, 811 F. App'x 600 (11th Cir. 2020).  The court explained that a suit attempting to enjoin an ongoing custody dispute implicated the third *NOPSI* factor. *Id.* at 602.

This Court concludes that the above reasoning applies in this case and that the ability of the state courts in Alabama to determine when appointment of a special judge to resolve a domestic relations case is appropriate pursuant to Alabama law operates uniquely in furtherance of the state courts' ability to perform their judicial functions. *See Aaron*, 914 F.3d at 1017.  Having found that this case falls within the third *NOPSI* factor, the Court must now apply the three *Middlesex* factors.

The Judicial Defendants contend that because Garrigan's custody and child support modification proceeding is an ongoing state judicial proceeding, an injunction against Thomason's hearing any further proceedings concerning Garrigan and against Stankowski assigning any circuit court cases to any district judge would interfere with the state proceeding.  Garrigan responds that she has not asked that her state court case be stayed or enjoined, but merely that it be heard by a court of competent jurisdiction.  Garrigan also has argued that there is no important state interest served under the second *Middlesex* factor

9

because the statutes allowing for appointment of the circuit judge are merely cost-savings measures.  Finally, Garrigan argues that the third *Middlesex* factor does not apply because she did not receive relief on her mandamus petition in state court.

"[A]n essential part of the first *Middlesex* factor in *Younger* abstention analysis is whether the federal proceeding will interfere with an ongoing state court proceeding." *31 Foster Children*, 329 F.3d at 1276.  To evaluate interference, a court must look to the relief requested and the effect that it would have on the state proceedings. *Id.*  Here, the requested relief would order the removal of a judge from an ongoing proceeding, and would require enforcement of that order were it not complied with by the state court judge, thereby interfering with the ongoing proceeding. *Cf. Pompey v. Broward Cnty.*, 95 F.3d 1543, (11th Cir. 1996)(in analyzing *Younger* abstention, pointing to need to avoid jailing a state court judge for contempt in failing to comply with federal injunction).  The fact that the complaint in this case alleges that mandamus relief was denied by the state court underscores that a ruling by this Court, which could conflict with that of the state court, would be undue interference with state proceedings. *See 31 Foster Children,* 329 F.3d at 1278 (upholding *Younger* abstention and considering that the federal and state courts could differ and issue conflicting orders).

*Middlesex* factor two is satisfied here because the State has an "interest in preserving the integrity of . . . its domestic relations cases" *Pompey*, 95 F.3d at 1548, n.6, as well as in its ability to appoint judges pursuant to state law.  *See Narciso*, 811 F. App'x at 602.

Finally, the fact that Garrigan pursued a writ of mandamus weighs in favor of abstention because it demonstrates that the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims. *See Middlesex*, 457 U.S. at 432.  Success on that petition is not required for there to be an adequate opportunity for judicial review of her federal constitutional claims.  *See Pompey*, 95 F.3d at 1551 ("[F]or abstention purposes, whether a claim would likely be successful on the merits in the state court is not what matters. Instead, what matters is whether the plaintiff is procedurally prevented from raising his constitutional claims in the state courts, from which a certiorari petition can be filed seeking review on the merits in the United States Supreme Court."); *see also Narciso*, 811 Fed. App'x at 603 (noting that a federal court should assume that state procedures will afford an adequate remedy in the absence of unambiguous authority to the contrary). Applying the three *Middlesex* factors, therefore, this Court concludes that it should abstain from exercising jurisdiction in this case.[3]

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.   The motion to dismiss filed by John Merrill, sued in his official capacity as Secretary of State, (doc. 7) is GRANTED and the claims against John Merrill are dismissed without prejudice for lack of standing.

---

[3]  Having concluded that it should abstain from exercising jurisdiction in this case, the Court does not address the remaining grounds for dismissal.

2.  The motion to dismiss filed by Michelle Thomason and J. Clark Stankowski,
    sued in their official capacities as judges, (doc. 10) is GRANTED on the basis
    of *Younger* abstention, and the claims against those Defendants are dismissed
    without prejudice.

DONE this 29th day of October, 2021.


        /s/ Emily C. Marks
        EMILY C. MARKS
        CHIEF UNITED STATES DISTRICT JUDGE