IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHEY GARRIGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  2:21CV482-ECM |
| ) | (wo) |
| JOHN MERRILL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Plaintiff's Motion to Alter, Amend, or Vacate Order of Dismissal (doc. 20).

On October 29, 2021, the Court entered a Memorandum Opinion and Order granting the Defendants' motions to dismiss and dismissing the Plaintiff's claims without prejudice for lack of standing and pursuant to *Younger v. Harris,* 401 U.S. 37 (1971).  (Doc. 19). The Plaintiff asks the Court to reconsider that decision.  For the reasons that follow, the Court concludes that the motion is due to be denied.

**I. STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 59(e), the Plaintiff may seek to alter or amend judgment only on the basis of "newly-discovery evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc*., 626 F.3d 1327, 1344 (11th Cir. 2010)(quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)). "A party moving the court to alter or amend its judgment pursuant to Rule 59(e) faces an extremely heavy burden." *Scharff v. Wyeth*, 2012 WL 3149248 at *1 (M.D. Ala. 2012).  Moreover, "Rule 59(e) was not constructed 'to give

the moving party another bite at the apple . . .'. " *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs*, 626 F.3d at 1344. "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citations omitted). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Id.* (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

"[R]elief under Rule 60(b)(6) is available only in "extraordinary circumstances." " *Buck v. Davis*, 137 S.Ct. 759, 777–78, (2017)(quoting *Gonzalez*, 545 U.S., at 535, 125 S.Ct. 2641). To warrant relief under Rule 60(b)(6), not only must Plaintiffs show "sufficiently extraordinary" circumstances, but also "that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Doe v. Drummond Co.*, 782 F.3d 576, 612 (11th Cir. 2015)(quoting *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294–95 (11th Cir. 2013)(internal quotation marks omitted)).

## II. DISCUSSION

In the motion to alter, amend or vacate, the Plaintiff's arguments largely repeat those that were made in opposition to the Defendants' motions to dismiss. The Court addressed those arguments in its memorandum opinion, and a motion for reconsideration is not the mechanism by which parties may relitigate matters the Court has already addressed. *See Arthur*, 500 F.3d at 1343.

The Court notes that in her motion, Garrigan argues that she does not have an adequate remedy in the states' courts because she filed a petition for writ of mandamus but got no relief. (Doc. 20 at 9). "[W]hat matters is whether the plaintiff is procedurally prevented from raising [her] constitutional claims in the state courts, from which a certiorari petition can be filed seeking review on the merits in the United States Supreme Court." *Pompey v. Broward Cty.*, 95 F.3d 1543, 1551 (11th Cir. 1996). The allegations of the complaint reveal that Garrigan was not procedurally barred, but that her petition was reviewed and a decision rendered. As this Court explained previously (doc. 19), success on her state law petition is not required for there to be an adequate opportunity for judicial review of her federal constitutional claims.

### III. CONCLUSION

Accordingly, it is ORDERED that the Plaintiffs' Motion to Alter, Amend or Vacate Order of Dismissal (doc. 20) is DENIED.

DONE this 3rd day of December, 2021.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE